UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | First New Mexico Financial Corporation v. First Savings Bank |
| **Case Number:** | 04-01090 |

## Document Information

| | |
|---|---|
| **Description:** | Memorandum Opinion re: [4-1] Motion to Abstain or Remand Case Back to State Court by First New Mexico Financial Corporation . |
| **Received on:** | 2004-08-17 13:39:26.000 |
| **Date Filed:** | 2004-08-17 00:00:00.000 |
| **Date Entered On Docket:** | 2004-08-18 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    Joe Thomas Turner and
    Ru Than Turner d/b/a San Man,
        Debtors.                                             No. 11-03-10672 ML

**First New Mexico Financial Corp.**
**a New Mexico Banking Corp.,**
    Plaintiff,

v.                                                                                        Adv. No. 04-1090 M

**First Savings Bank,**
    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Remand or Abstain ("Motion to Remand") filed on May 17, 2004 by First New Mexico Financial Corp.("FNMFC"). FNMFC filed a state court action on April 7, 2004 seeking a declaratory judgment concerning the priority status of liens claimed by both FNMFC and First Savings Bank ("FSB") on certain property of the Debtors. *See* Complaint for Declaratory Judgment, CV 2004-086, filed in the Sixth Judicial District, County of Grants, State of New Mexico (Ex. A to Notice of Removal). The case was removed to this Court on May 7, 2004. *See* Notice of Removal (Doc. 1). After considering the pleadings, arguments of counsel, and applicable statutory and case law, the Court will grant the Motion to Remand. In connection with this ruling, the Court finds:

    1. This Chapter 11 bankruptcy was filed on January 29, 2003.

    2. On March 10, 2004 the Court entered an Order Terminating Automatic Stay as to Creditor

1

First Savings Bank's Collateral ("Stay Order") (Doc. 369) in which the Court modified the stay to allow FSB to proceed with state law remedies to foreclose on its collateral. As part of the Stay Order, the Court modified the stay to the same extent in favor of all other creditors claiming liens in the same collateral.

3. FNMFC filed the state court action against FSB on April 7, 2004 seeking a determination of priority of liens claimed by FNMFC and FSB on equipment owned by the Debtors.

4. On February 12, 2004, the Court ordered the Debtor, the Unsecured Creditors, FSB, FNMFC and other creditors to participate in mediation. All of the parties at the mediation, except FNMFC, entered into a stipulation (the "Stipulation") which required the Debtor to make certain adequate protection payments to FSB, to place proceeds of sales of real and personal property into the court registry (the "Creditor's Trust"), and to file amended schedules and statements and an amended plan and disclosure statement. FNMFC filed an objection to the Stipulation arguing that the parties improperly agreed to treatment of property that is subject to its lien in violation of its due process rights. The Court entered an order approving the Stipulation on May 5, 2004. One month later, FNMFC filed the state court action.

5. On May 7, 2004, FSB removed the state court action to this Court.

6. On June 3, 2004 FSB filed a Motion To Extend Date To File Proof of Claim ("Motion to Extend") in the bankruptcy. The Court granted the Motion to Extend extending the deadline for both FNMFC and FSB to file claims in the bankruptcy to 30 days after the date that either this Court or another court determines the priority of liens between FSB and FNMFC in certain property.

DISCUSSION

Remand is governed by 28 U.S.C. § 1452 which provides:

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Remand is appropriate if either discretionary or mandatory abstention is warranted. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 776 (10th Cir. BAP 1997)(concluding that abstention applies to removed actions).

The law of abstention is set forth in 28 U.S.C. § 1334(c) which provides:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11, but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Remand pursuant to subsection (c)(1) is referred to as permissive abstention, while subsection (c)(2) describes situations in which bankruptcy courts must abstain from hearing a proceeding, and is referred to as mandatory abstention. *The Carnegie Hotel v. Premier Hotel Development Group (In re Premier Hotel Development Group),* 270 B.R. 243, 250 (Bankr. E.D. Tenn. 2001).

First, FNMFC argues that this Court does not have jurisdiction over this dispute between two non-debtor parties who are exercising their state law rights against property of the Debtor that will not be distributed to creditors. Second, FNMFC argues that even if the Court has jurisdiction over this proceeding, it is non-core jurisdiction, and the Court is required to abstain under the mandatory

3

abstention provision. Third, FNMFC argues that if the Court determines that this matter is a core proceeding, the Court should nevertheless abstain under the permissive abstention doctrine.

The threshold issue here is whether this Court has jurisdiction to adjudicate this proceeding, and, if so, whether the proceeding invokes the Court's core or non-core jurisdiction. *Beneficial National Bank U.S.A. v. Best Reception Systems, Inc. (In re Best Reception Systems, Inc.)*, 220 B.R. 932, 942 (Bankr. E.D. Tenn. 1998).

The cases cited by FNMFC, in which courts determined that they lacked jurisdiction over disputes involving claims of liens on property, concerned property that was abandoned by the debtor, property that was sold by the bankruptcy estate, or property no longer part of the bankruptcy estate. *See e. g. Cullen Electric Co. v. Bill Cullen Electrical Contracting Co. (In re Bill Cullen Electrical Contracting Co.)*, 160 B.R. 581, 585 (Bankr. N.D. Ill. 1993)(and cases cited therein)(stating that bankruptcy court had no jurisdiction over disputes between creditors over property in which estate has no interest). The Debtors have not abandoned the property at issue as evidenced by their participation in the mediation and by their payment of adequate protection to FSB in accordance with the Stipulation. Therefore, the Court finds that it has jurisdiction over this proceeding because it concerns property of the bankruptcy estate. The type of jurisdiction is governed by 28 U.S.C. § 157.

Pursuant to §157, cases arising under title 11 and cases arising in cases under title 11, are "core proceedings."[1] *See* 28 U.S.C. § 157 (b)(1). Section 157(b)(2) lists examples of core proceedings,

---

[1] Bankruptcy Courts have original and exclusive jurisdiction over "all cases under title 11," *see* 28 U.S.C. § 1334(a). Bankruptcy Courts are given original but not exclusive jurisdiction of "all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

4

and includes "determinations of the validity, extent, or priority of liens," 28 U.S.C. §157(b)(2)(K).[2] FSB argues that this matter is a core proceeding because it concerns the priority of FSB's and FNMFC's liens. *See* 28 U.S.C. §157(b)(2)(K). FSB also contends that the determination of lien priority is crucial to the success of this Chapter 11 bankruptcy. The Stipulation enables the Debtor to submit a plan which provides that the Debtors will retain their equipment, subject to adequate protection payments, carry on their business, and fund their plan. The Stipulation also provides for under-secured creditors to share the funds in the Creditor's Trust derived from sales of estate property. FSB argues that the outcome of this dispute between FSB and FNMFC will affect the amount of each creditor's unsecured claim and thus, each creditor's treatment under the plan; therefore, the Court should retain jurisdiction over this matter and deny FNMFC's request for remand.

However, when evaluating whether a matter is core or non-core for abstention purposes, it is necessary to carefully examine the grounds for relief in the complaint. *Best Reception Systems*, 220 B.R. at 945-46. In the state court complaint, FNMFC alleges that it relied on a UCC financing statement filed by FSB when making the loan to the Debtor to purchase certain equipment. FNMFC also alleges that it relied on representations of Tom and Tracy Turner, members of the Debtors' family, that the equipment to be purchased would not be encumbered by liens in favor of FSB. FNMFC requests a determination of its priority position in the collateral, that FSB be estopped from asserting a

---

[2] In core proceedings the bankruptcy court may enter final judgments and orders. However, in non-core matters, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court for entry, unless the parties consent to the bankruptcy court's entry of a final judgment. 28 U.S.C. 157(c)(1). FNMFC has not consented to entry of a final judgment by this Court requiring the Court to submit recommended findings of fact and conclusions of law for review and entry by the District Court if this proceeding is non-core.

5

prior lien due to its misleading actions relied upon by FNMFC, and damages for intentional interference with its contractual relationship with the Debtors. Upon examination of the causes of action asserted by FNMFC, the Court finds that the state court complaint is essentially a dispute between two creditors over priority lien rights in collateral pledged by the Debtor. Therefore, the proceeding does not invoke the Court's core jurisdiction. *See Cullen Electrical*, 160 B.R. at 585 (addressing same argument and finding that creditors arguing lien priority, although invoking a statutory right under § 157(b)(2)(K), were not the intended beneficiaries of the statutory core proceeding).

Having determined that this is not a core proceeding, the Court must next consider whether this is a non-core proceeding over which the Court has "related to" jurisdiction. A proceeding is related to a bankruptcy if the outcome of the proceeding "could **conceivably** have [an] effect on the estate being administered in bankruptcy."(emphasis in original). *Gardner v. U.S. (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) quoting, *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984). This proceeding concerns collateral that is property of the estate, and the outcome could conceivably have an effect on the administration of the Chapter 11 estate. The Court finds, therefore, that this proceeding is sufficiently related to the bankruptcy to enable this Court to exercise its non-core jurisdiction.

Because the Court has "related to" jurisdiction, the mandatory abstention provisions are applicable. *Lozano v. Swift Energy Co. (In re Wright),* 231 B.R. 597, 603 (Bankr. W.D. Tex. 1999). Abstention is mandatory if (1) the case is based on a state law cause of action that is related to a bankruptcy case; (2) there is no separate basis for federal jurisdiction apart from the bankruptcy; (3) the action has commenced in state court; and (4) the case could be timely adjudicated in state court.

*Cullen Electrical*, 160 B.R. at 585 (citing, *In re Ascher*, 128 B.R. 639, 644-45 (Bankr. N.D.Ill. 1991)). Under the circumstances of this case, the Court concludes that this proceeding should be remanded because it was commenced in state court and is based on state law concerning lien priority. The matter is not a core proceeding, but is "related to" the bankruptcy proceeding. And finally, FNMFC has demonstrated that even though the case is in its early stages, it can be timely adjudicated in state court. *See* Affidavit of Frederick H. Sherman, Exhibit 3 to Memorandum in Support of Motion to Remand or to Abstain by First New Mexico Financial Corporation (Doc. 12). In addition, the parties and the property at issue are located in close proximity to the state court.

Even assuming *arguendo* that this Court has core jurisdiction to determine the lien positions of these claimants, the Court may remand if discretionary abstention is appropriate under §1334(c)(1). *See Frelin v. Oakwood Homes Corp.* 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003)(remanding when discretionary abstention is warranted), citing *Williams v. Motel 6 Multipurpose, Inc.,* 120 F. Supp.2d 776, 885 (E.D.Ark. 1998) and *Arkansas Dept. of Human Services Division of Medical Services v. Black & White Cab Co., Inc. (In re Black & White Cab Co., Inc.),* 202 B.R. 977 (Bankr. E.D.Ark. 1996). The factors courts consider in deciding whether to remand under the discretionary abstention provision are:

1. the effect of remand on the efficient administration of the estate;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficult or unsettled nature of the applicable law;
4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. the degree of relatedness of the proceeding to the bankruptcy case;
7. the substance rather than the form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters;

7

        9.  the burden on the bankruptcy court's docket;
        10. the likelihood that the proceeding involves forum shopping;
        11. the existence of a right to jury trial; and
        12. the presence of non-debtor parties.

*Frelin*, 292 B.R. at 383.

FSB argues that if the Court remands, the state court proceeding would interfere with the Debtors' ability to perform under the Stipulation. The Stipulation continues the stay allowing the Debtors to use the collateral at issue in the state court proceeding, if the Debtors make adequate protection payments. FSB also argues that a remand would result in the duplication and uneconomical use of judicial resources because this Court is familiar with the issues in a bankruptcy case that is over a year old. FSB also asserts that FNMFC has engaged in forum shopping because it was not satisfied with the outcome of the mediation and the terms of the Stipulation. Finally, FSB contends that the failure to join the Debtors and all creditors claiming an interest in the collateral in the state court proceeding presents a risk of inconsistent results. These arguments, however, are not persuasive.

A contest between two creditors asserting liens in collateral will not prevent the Debtors from continuing their performance under the Stipulation. The creditors have not attempted to foreclose their liens on this collateral. The Debtors can continue to sell other property of the estate and contribute the net proceeds to the Creditor's Trust as contemplated by the parties to the Stipulation. The Debtors can also continue to make the required adequate protection payments in order to avoid foreclosure by FSB. Moreover, familiarity with the bankruptcy is not necessary to a determination of lien priority under state law. And all necessary parties can be joined in the state court proceeding.

The pertinent factors outlined above weigh in favor of remanding this proceeding to the state

8

court under the discretionary abstention provision.

In sum, state law issues clearly predominate over bankruptcy law issues. There is no basis for federal jurisdiction other than the bankruptcy. Determining the competing lien interests of non-debtors in property held by the Debtors will not affect the efficient administration of the bankruptcy estate. The deadline to file claims has been extended to 30 days after a determination lien priorities. The formation and administration of the Creditor's Trust will not be affected because sales of other property of this estate can be accomplished separately from this proceeding. When the priority position of each creditor is determined, the unsecured portion of FSB's and FNMFC's claims will necessarily be decided. This can only possibly affect the amount of the claims in the Creditor's Trust, not its creation or the administration of its assets. The formulation of a plan according to the Stipulation is not affected by a state court determination of lien priority over property that will not be available to other creditors. Remand will not slow the formation and administration of the plan or the continuation of the required actions under the Stipulation. FNMFC has shown that this case can be timely adjudicated in state court. Abstention, either discretionary or mandatory is appropriate here.

The Court will enter an order in accordance with this opinion. This opinion shall constitute the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

                                                MARK B. McFEELEY
                                                UNITED STATES BANKRUPTCY JUDGE

I hereby certify that a true and correct
copy of the foregoing was either
electronically transmitted, faxed, delivered

or mailed to the listed counsel and parties,
on the date file stamped above.

James A. Roggow
Attorney for FSB
P.O. Drawer 1837
Las Cruces, NM 88004-1837

Frederick H. Sherman
210 South Silver Ave.
Deming, NM 88030-3716

*Ellen C. Snyder*

Ellen C. Snyder
Law Clerk